# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:09-CR-00206-FL-1
NO. 5:12-CV-00119-FL

| | |
|---|---|
| QUENTIN ROBERT BRASWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-111) petitioner Quentin Robert Braswell's motion (DE-107) under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate") and amended motion to vacate (DE-108). Braswell has responded to the motion to dismiss (DE-113) and, accordingly, the motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the government's motion to dismiss has been referred to the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that the government's motion to dismiss (DE-111) be GRANTED.

## I. BACKGROUND

On November 4, 2009, Braswell pled guilty pursuant to a written plea agreement to (1) distribution of five grams or more of cocaine base (crack) and aiding and abetting, in

1

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, as charged in count two of the superseding indictment; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), as charged in count four of the superseding indictment. (DE-58, DE-60). In the plea agreement, Braswell agreed, *inter alia*, to

> waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1, DE-60. For its part, the government agreed to dismiss counts one, three and five of the superseding indictment. The plea agreement noted that, based on the government's filing of information pursuant to 21 U.S.C. § 851 regarding Braswell's prior convictions, the maximum term of imprisonment for his conviction of count two (distribution of more than five grams of cocaine base) was life imprisonment. Plea Agreement, 4, DE-60.

In preparation for sentencing, the United States probation office submitted its presentence investigation report ("PSR") to the district court on March 19, 2010. (DE-69). The PSR indicated that Braswell qualified as a career offender under 4B.1 of the Sentencing Guidelines due to his prior convictions for the following felonies: possession of stolen goods, possession with intent to sell and deliver cocaine, second degree kidnapping, and robbery with a dangerous weapon. PSR ¶ 51, DE-69. The career

2

offender enhancement elevated Braswell's adjusted offense level from 30 to 37. After a three-level reduction for acceptance of responsibility, the total offense level for Braswell was 34; his criminal history category was VI. With this offense level and criminal history category, and in light of his status as a career offender, the recommended sentencing range for Braswell's offenses under the Sentencing Guidelines was 322 to 387 months' imprisonment. *Id.* at ¶ 57. At the sentencing hearing on May 10, 2010, the district court adopted the PSR and sentenced Braswell to 262 months on count two and a consecutive 60 months on count four, for a total of 322 months' imprisonment. Sentencing Hr'g Tr. 16:22-25, DE-97; DE-84.

Braswell appealed from the conviction and sentence (DE-86), and on March 18, 2011, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and dismissed Braswell's appeal of his sentence based on the appeal waiver in his plea agreement. (DE-99). The Fourth Circuit specifically found that "Braswell knowingly and intelligently entered into the plea agreement and waived his right to appeal his sentence." United States v. Braswell, 418 F. App'x 195, 196 [reported in full at 2011 U.S. App. LEXIS 5542, at *3] (4th Cir. 2011). Braswell did not seek review by the United States Supreme Court.

On March 10, 2012, Braswell filed the instant motion pursuant to 28 U.S.C. § 2255 asserting that, in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he was improperly sentenced on count two of the superseding indictment as a career offender. The government asserts that the motion to

3

vacate is without merit and should be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

4

maximum authorized by law."  28 U.S.C. § 2255(a).  In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence.  *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.    Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969).  The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea.  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an

5

antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

With these legal precepts in mind, the undersigned considers the government's motion to dismiss.

### III. ANALYSIS

Braswell contends the district court improperly enhanced his sentence with regard to count two (distribution of more than five grams of cocaine base) because his prior

6

convictions do not qualify him as a career offender under the provisions of U.S.S.G. § 4B1.1, based on the Fourth Circuit's holding in *Simmons*. A defendant is a career offender under § 4B1.1(a) if the following conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which that individual defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. Braswell contends that the Fourth Circuit's holding in *Simmons* demonstrates that his prior state convictions do not qualify him for the career offender enhancement, because he could not have received a sentence of more than one year of imprisonment for his offenses.

However, by virtue of the plea agreement he entered, Braswell has waived the right to challenge his sentence on any grounds other than "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." The instant § 2255 motion raises no issues related to prosecutorial misconduct or ineffective assistance. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007);

7

Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Here, the Fourth Circuit reviewed the record on direct appeal and specifically found that "Braswell knowingly and intelligently entered into the plea agreement and waived his right to appeal his sentence." Braswell, 418 F. App'x at 196. Because Braswell's claim of improper sentence enhancement is precluded by the terms of the plea agreement, and as the Fourth Circuit has determined that Braswell's plea was knowing and voluntary, the motion to vacate is without merit and should be dismissed on this ground. See White v. United States, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 U.S. Dist. LEXIS 103689, *16-18 (E.D.N.C. July 24, 2012) (concluding that the petitioner's claim to sentence reduction because of the amendment of U.S.S.G. § 4A1.1(e) constituted an impermissible challenge to his sentence barred by the appeal and collateral challenge waiver in his plea agreement).

In addition, even if he had not waived his right to challenge the enhancement, the record indicates that Braswell received a sentence within the maximum statutory range. In United States v. Powell, 691 F.3d 554 (4th Cir. 2012), a three-judge panel of the Fourth Circuit agreed that the petitioner Powell's § 2255 challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year could not succeed. In 2004, Powell had been convicted under 21 U.S.C. § 846 of conspiring with intent to distribute crack cocaine. Id. at 555. Powell was sentenced pursuant to the provisions of 21 U.S.C. § 841(b)(1)(A), which provides for a

8

sentence of no less than ten years and not more than life imprisonment. *Id.* Although Judge King dissented from the majority in part, he agreed that because Powell was still sentenced within the unenhanced statutory maximum, he was not entitled to relief under 28 U.S.C. § 2255. *Id.* at 563 (King, J., dissenting in part and concurring in the judgment in part). That is, even if Powell's sentence was improperly enhanced, he had not received a sentence "in excess of the maximum authorized by law" as set forth in 28 U.S.C. § 2255 and thus his motion to vacate was properly denied. *Id.*; *see also* United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) (explaining that, because only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines").

Here, Braswell pled guilty to count two of the superseding indictment charging him with distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The government concedes that the correct statutory punishment range on count two should have been five to forty years. Mem. Mot. Dismiss, 4 n.1, DE-112. The district court sentenced Braswell to 262 months on this count. Thus, Braswell received a sentence within the unenhanced statutory maximum and may not obtain relief pursuant to 28 U.S.C. § 2255. *See, e.g.*, Barksdale v. United States, Nos. 5:08-CR-382-BO, 5:12-CV-419-BO, 2012 U.S. Dist. LEXIS 150469, at *3 (E.D.N.C. Oct. 18, 2012) (noting that, "because career offenders cannot receive sentences in excess of their statutory maximum, those petitioners cannot rely on *Carachuri-Rosendo* to obtain relief under 28 U.S.C. § 2255"); Herron v. United States, Nos. 3:12-cv-430-FDW, 3:09-cr-00026-FDW-1,

9

2012 U.S. Dist. LEXIS 149281, at *10-12 (W.D.N.C. Oct. 17, 2012) (rejecting the petitioner's argument that he was improperly sentenced as a career offender in light of *Simmons*, because the petitioner received a sentence within the statutory maximum); Jones v. United States, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *4 (E.D.N.C. Sept. 24, 2012) (finding that the petitioner's "challenge to the calculation of his base offense level is not cognizable under §2255 as Mr. Jones did not receive a sentence that exceeds his statutory maximum"). Accordingly, Braswell's claim to relief pursuant to 2255 is not cognizable and should be dismissed.

Finally, even if the career offender enhancement would no longer apply to Braswell in wake of the Fourth Circuit's decision in *Simmons*, he is not entitled to relief, because application of *Simmons* is not retroactive. The Fourth Circuit has determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. See Powell, 691 F.3d at 559-60. Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* Thus, even if Braswell would not qualify for career offender enhancement if he were sentenced today, he is not entitled to retroactive application on collateral review.

For all of these reasons, the undersigned recommends that the government's motion to

dismiss be granted.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the government's motion to dismiss (DE-111) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, October 26, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE