IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-206-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUENTIN ROBERT BRASWELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to correct sentence (DE 132), wherein defendant challenges the calculation of his sentence imposed by judgment entered May 10, 2010. Where defendant previously filed a motion under 28 U.S.C. § 2255 seeking to vacate, correct, or set aside his sentence, and where defendant again seeks relief from his original sentence in the present motion, the court must treat the motion as a successive § 2255 application. See United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003) (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence," in contrast to a "motion seeking a remedy for some defect in the collateral review process"); United States v. Brown, 132 F. App'x 430, 431 (4th Cir.2005) (stating that a petitioner is not required to receive notice of the court's re-characterization of a motion as a § 2255 petition where it has been found to be second or successive).

A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205. Accordingly, defendant's § 2255 motion is DISMISSED as successive.

Upon dismissal of defendant's § 2255 motion, the court considers whether a certificate of appealability is warranted. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the dismissal of the § 2255 petition in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, defendant's motion to correct sentence, construed as a § 2255 motion, is DISMISSED as a second or successive § 2255 motion. A certificate of appealability is DENIED.

SO ORDERED, this the 21st day of November, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge