IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-206-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| QUENTIN ROBERT BRASWELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's emergency motion for immediate resentencing (DE 165).

On November 4, 2019, defendant pleaded guilty, pursuant to a written plea agreement, to distribution of five or more grams of cocaine base and aiding and abetting, in violation of 18 U.S.C. §§ 841(a)(1) and 2, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On May 10, 2010, the court sentenced defendant to 322 months' imprisonment. On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed defendant's conviction and dismissed defendant's challenge to his sentence as barred by the waiver in the parties' plea agreement. On March 10, 2012, defendant moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion on February 19, 2013.

On April 11, 2018, defendant filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, which was assigned to a different district judge. See Braswell v. Smith, No. 5:18-HC-2085-BO (E.D.N.C. Apr. 11, 2018). On April 23, 2020, the court granted the petition and transferred the matter to the criminal case for resentencing. The instant emergency motion for immediate resentencing and request for time served, filed initially in the habeas corpus action,

also was transferred to the criminal case. Therein, defendant asserts he has "already served a guideline sentence, and in light of the growing crisis caused by the coronavirus, [defendant] ask[s] that [the court] consider resentencing [defendant] to time served . . . in absentia and on the papers." (DE 165 at 1). According to the briefing filed in the habeas corpus action, the government concedes defendant must be resentenced, but does not consent to a sentence of time served.

The remedy available under § 2241 is identical in scope to the remedy afforded under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974); United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018). Under § 2255, the district court may conduct plenary resentencing, discharge the prisoner, or "correct the prisoner's sentence" without full resentencing. 28 U.S.C. § 2255(b); see also United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007).

In order to determine the appropriate remedy, the court will direct United States Probation to prepare a draft modification to defendant's presentence report, and provide the parties opportunity to submit objections to the revised report. The court sets the following expedited schedule for the foregoing submissions:

1) The modification to the presentence investigation report shall be disclosed to the parties and filed under seal on the docket **on or before May 11, 2020**.

2) The parties' objections to the modified presentence investigation report, and any other sentencing submissions, shall be filed within **seven days** of disclosure of the report.

The parties shall address, in the foregoing submissions, the appropriate remedy in these circumstances, including whether plenary resentencing – with a hearing in which defendant is present – is necessary.

SO ORDERED, this the 27th day of April, 2020.

                                                                            _____
                                                                            LOUISE W. FLANAGAN
                                                                         United States District Judge

3

Case 5:09-cr-00206-FL   Document 167   Filed 04/27/20   Page 3 of 3