IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-206-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| QUENTIN ROBERT BRASWELL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's emergency motion for immediate resentencing, (DE 165), and the parties' responses to the court's April 27, 2020, order, (DE 172, 173, 174). For the reasons stated below, the court grants defendant's request for plenary resentencing in accordance with the terms set forth herein.

**BACKGROUND**

On November 4, 2009, defendant pleaded guilty, pursuant to a written plea agreement, to distribution of five or more grams of cocaine base and aiding and abetting, in violation of 18 U.S.C. §§ 841(a)(1) and 2 (count two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count four). At the time defendant pleaded guilty, he was subject to a statutory sentencing range of 10 years to life imprisonment on count two based on the government's filing of Information of Prior Convictions for Enhancement of Sentence (the "Information") pursuant to 21 U.S.C. § 851. The Information alleged defendant's 1997 North Carolina conviction for possession with intent to sell and deliver cocaine was a felony drug offense that subjected defendant to an enhanced sentence pursuant to 21 U.S.C. § 841(b).

On May 10, 2010, the court held defendant's sentencing hearing. The presentence investigation report advised that defendant was a career offender under the § 4B1.1 of the United

States Sentencing Guidelines. The Guidelines range based on the career offender designation was 262 to 327 months' imprisonment on count two, and a mandatory consecutive sentence of 60 months' imprisonment on count four, producing a total range of 322 to 387 months' imprisonment. The court adopted the findings and conclusions of the presentence investigation report, and sentenced defendant to 262 months on count two and 60 months on count four, to run consecutively, for a total sentence of 322 months' imprisonment. Defendant was also sentenced to a total term of 8 years' supervised release. Defendant's convictions were affirmed on direct appeal, and his challenge to his sentence was dismissed as barred by the appellate waiver in the plea agreement.

On March 10, 2012, defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he should not have been designated a career offender based on United States v. Simmons, 649 F.3d 237, 239 (4th Cir. 2011) (en banc). In response, the government conceded that, under Simmons, defendant's 1997 state drug conviction could not form the basis of an enhanced statutory penalty under 21 U.S.C. § 841(b), and that defendant no longer qualified for the career offender sentencing enhancement. Nevertheless, the government opposed defendant's motion based on the collateral attack waiver in defendant's plea agreement and where defendant's claims allegedly were not "cognizable" under § 2255. On February 19, 2013, the court adopted the magistrate judge's recommendation and dismissed the motion on three independent grounds: 1) the collateral attack waiver in the plea agreement barred petitioner's claims; 2) defendant's sentence was below the unenhanced statutory maximum of 40 years' imprisonment; and 3) at the time, Simmons had not been deemed retroactively applicable on collateral review. Defendant did not appeal the dismissal of his § 2255 motion.

On March 28, 2018, the United States Court of Appeals for the Fourth Circuit decided United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), which held that federal prisoners can challenge their sentences in a 28 U.S.C. § 2241 habeas corpus petition if the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of the sentence. In order to demonstrate § 2255 is an inadequate or ineffective remedy, the habeas petitioner must demonstrate:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

On April 11, 2018, defendant filed a pro se § 2241 petition in this court, arguing that he is entitled to habeas relief for his defective sentence under Wheeler and its progeny. See Braswell v. Smith, No. 5:18-HC-2085-BO (E.D.N.C. Apr. 11 2018) (the "habeas court"). On January 29, 2019, the habeas court dismissed the petition for lack of jurisdiction, concluding defendant had not satisfied Wheeler's four-part test. Defendant appealed, and the Fourth Circuit reversed. The Fourth Circuit held that defendant's Simmons challenge to his § 851 enhancement satisfied the Wheeler test for savings clause relief, and thus defendant was entitled to challenge the legality of his sentence under § 2241. Braswell v. Smith, 952 F.3d 441, 446-50 (4th Cir. 2020). The appellate court made clear, however, that defendant's challenge to the career offender designation did not satisfy the fourth prong of the Wheeler test because he was sentenced under an advisory Guidelines regime, and such errors do not constitute a "fundamental defect or a complete miscarriage of justice" Id. at 450.

3

On remand, defendant filed the instant emergency motion for immediate resentencing and request for time served in the habeas action. Therein, defendant asserts he has "already served a guideline sentence, and in light of the growing crisis caused by the coronavirus, [defendant] ask[s] that [the court] consider resentencing [defendant] to time served . . . in absentia and on the papers." Braswell v. Smith, No. 5:18-HC-2085-BO (E.D.N.C. Mar. 19, 2020). On March 25, 2020, the habeas court requested additional briefing as to "whether petitioner should be re-sentenced, [and] the appropriate steps of habeas relief under the circumstances presented in this case." Id. (Mar. 25, 2020). On April 23, 2020, the habeas court entered order which noted the government "conceded" defendant must be resentenced, granted the petition for writ of habeas corpus, and transferred the mater and the instant emergency motion for immediate resentencing to defendant's criminal action for further proceedings. Id. (Apr. 23, 2020).

On April 27, 2020, this court entered order directing United States Probation to prepare a modification to the presentence report ("PSR modification"), and provided the parties an opportunity to file objections to the report and related sentencing submissions. The court also requested the parties' positions on whether plenary resentencing was necessary under the circumstances. On May 11, 2020, United States Probation filed the PSR modification. The PSR modification determined that, under the 2018 version of the Guidelines and current sentencing law, defendant no longer qualifies for the career offender enhancement. The Guidelines range without the career offender enhancement is 70 to 87 months on count two, and a consecutive term of 60 months on count four, producing a total Guidelines range of 130 to 147 months' imprisonment. Alternatively, if the court determines the career offender designation should not be reconsidered, defendant's Guidelines range would be 262 to 327 months' imprisonment. This Guidelines range incorporates the revised statutory penalties occasioned by defendant's successful challenge to the

§ 851 enhancement and the retroactive provisions of the Fair Sentencing Act,[1] but leaves intact the career offender enhancement.

Both parties filed objections to the PSR modification. The government argues the Fourth Circuit's opinion in the habeas action and similar binding precedent preclude reconsideration of defendant's classification as a career offender in the instant resentencing proceeding. The government thus requests a sentence at the bottom of the Guidelines range of 262 to 327 months' imprisonment. Alternatively, the government moves for an upward departure or upward variance to "treat defendant as a de facto career offender." (DE 172 at 4 (citing United States v. Lawrence, 349 F.3d 724, 728-29 (4th Cir. 2003); United States v. Cash, 983 F.2d 558, 562 (4th Cir. 1992)). Defendant, by contrast, objects to the presentence report's suggestion that the court can leave intact the career offender enhancement, and requests a sentence of time served where defendant has already served approximately 147 months (the top of the revised Guidelines range without the career offender enhancement) when good conduct time is considered.

## DISCUSSION

As set forth above, the habeas court granted defendant's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Because defendant's habeas claim challenged the legality of his sentence under § 2241, the habeas court's order granting relief had the practical effect of vacating defendant's current sentence. See United States v. Hadden, 475 F.3d 652, 661 n.8 (4th Cir. 2007). The habeas court then transferred the matter to this court for further proceedings.

---

[1] The First Step Act of 2018 makes the Fair Sentencing Act's revised statutory penalties retroactive to defendants sentenced before August 3, 2010. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).

Thus, the issue now before the court is fashioning an appropriate remedy after habeas relief has been granted, not whether defendant is entitled to habeas relief in the first instance.[2] The remedy available under § 2241 is identical in scope to the remedy afforded under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974); United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018). Under § 2255, the district court may conduct plenary resentencing, discharge the prisoner, or "correct the sentence" without full resentencing. 28 U.S.C. § 2255(b); see also Hadden, 475 F.3d at 661. This remedial provisions of § 2255 "confer[] a 'broad and flexible' power to the district courts to 'fashion an appropriate remedy [after a sentence is vacated].'" United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)).

The court finds plenary resentencing is the appropriate remedy. The erroneous § 851 enhancement affected defendant's mandatory sentencing floor and his advisory Guidelines range on count two. As a result of the erroneous mandatory minimum, the sentence violated defendant's Constitutional due process rights and constitutes "an error sufficiently grave to be deemed a fundamental defect." See Wheeler, 886 F.3d at 430-33. Defendant's sentence on count two also was the primary sentence in this case, producing a stand-alone term of 262 months' imprisonment. Where that sentence now has been vacated, defendant should be afforded a full opportunity to argue for a sentence that is sufficient, but not greater than necessary, to accomplish the goals of

---

[2] Defendant suggests that determining an appropriate habeas remedy is not before this court where the habeas court granted relief, and thereby vacated defendant's sentence. But the issue of fashioning an appropriate remedy is distinct from determining whether defendant is entitled to habeas relief and vacating the sentence. See Hadden, 475 F.3d at 661 (distinguishing between vacating the sentence and determining the appropriate remedy in § 2255 proceeding). Defendant thus is not entitled to plenary resentencing based solely on the fact that his sentence was vacated. See id. Furthermore, the habeas court did not expressly order full resentencing. Braswell v. Smith, No. 5:18-HC-2085-BO (E.D.N.C. Apr. 23, 2020).

6

sentencing.  See 18 U.S.C. § 3553(a); United States v. Fluker, 891 F.3d 541, 552 (4th Cir. 2018) (observing that when the district court orders resentencing after successful habeas petition, "absent some other limiting principle, the district court may entertain new arguments as necessary to effectuate its sentencing intent, and it can – but is not obligated to – consider any new evidence or arguments" (internal quotation omitted)); see also Pepper v. United States, 562 U.S. 476, 490 (2011).  Furthermore, where the parties are in sharp disagreement about the propriety of a variance under 18 U.S.C. § 3553(a), a plenary resentencing is the most appropriate means of resolving the parties' differences.   Contrary to the government's argument, the remedy in this case is not as simple as mechanically recalculating the Guidelines range and entering an amended judgment reflecting a sentence at the bottom of the revised range.

The court recognizes it has authority to "correct" or modify a defendant's sentence after a successful § 2255 petition without conducting full resentencing.  See Hadden, 475 F.3d at 668-69.  For the reasons set forth in this order, however, the court exercises its discretion to order a full resentencing.  See 28 U.S.C. § 2255(b).  Notably, the sentence modification in Hadden and similar cases cited by the government involved circumstances where the sentencing court could easily excise the illegal sentence from the judgment without disturbing the overall sentence on the remaining counts.  See Hadden, 475 F.3d at 669; United States v. Williams, 740 F. App'x 794, 795 (4th Cir. 2018) (affirming district court's decision to correct defendant's sentence without plenary resentencing where error had no effect on the defendant's Guidelines range); United States v. Groves, 592 F. App'x 145, 147 (4th Cir. 2014) (affirming district court's decision not to conduct plenary resentencing after successful § 2241 petition based on "the ease with which the court could excise [the illegal conviction and sentence] from the judgment"); Farmer v. United States, No. 5:09-CR-297-BO, 2016 WL 4595686, at *2 (E.D.N.C. Sept. 2, 2016).  Here, defendant's primary

7

sentence has been set aside while the underlying conviction itself remains valid. Correcting the error requires recalculation of the Guidelines range and consideration of the parties' arguments under the § 3553(a) factors. As set forth above, full resentencing is the most appropriate remedy in these circumstances.

The government's primary argument against plenary resentencing is that defendant's erroneous career offender designation cannot be corrected on collateral review. The court agrees that an erroneous career offender designation does not itself warrant habeas corpus relief. See, e.g., United States v. Foote, 784 F.3d 931 (4th Cir. 2015). But the issue of whether defendant is entitled to habeas corpus relief was decided by the habeas court, and is not now before this court. Fashioning an appropriate habeas remedy – which may include plenary resentencing – is a separate issue, and plenary resentencing is not foreclosed simply because at resentencing defendant may benefit from subsequent changes in sentencing law, particularly those that are retroactively applicable to the original sentencing. See Hadden, 475 F.3d at 661 (discussing district court's authority to order resentencing after successful habeas petition); see also United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996).

Although not directly raised by the government, the court observes that the "goal" of the § 2255 remedy is to "place the defendant in exactly the same position he would have been had there been no error in the first instance." Hadden, 475 F.3d at 665 (internal quotation omitted); see also United States v. Davis, 708 F. App'x 767, 770 & n.* (4th Cir. 2017) (concluding that a successful habeas petitioner "is not entitled to a new sentencing hearing under the current version of the Guidelines" where the current Guidelines would place defendant in a "better" position relative to the position he would have been without the error). The court's remedy in this instance accomplishes that goal. Unlike the situation in Davis, the Simmons error in this case is

8

retroactively applicable, and thus the career offender designation was erroneous at the time of defendant's original sentencing.³ See United States v. Chambers, 956 F.3d 667, 673 (4th Cir. 2020) (noting erroneous career offender designation based on Simmons was "a mistake at the time of the defendant's original sentencing."). Indeed, even the government acknowledges that defendant should benefit from the retroactive changes to the statutory penalties even though the habeas claim was not based on those statutory changes. Accordingly, although it is true that the specific error justifying habeas relief was the erroneous § 851 enhancement, the overarching "goal" of placing defendant in the same position he would have been in without the error is furthered by allowing for correction of all errors deemed retroactively applicable to the original sentencing. See Hadden, 475 F.3d at 665; see also Fluker, 891 F.3d at 547 (applying current sentencing law at resentencing after successful § 2255 petition).

Because the court is ordering a full resentencing on count two, the Guidelines in effect at the time of resentencing apply. See 18 U.S.C. § 3553(a)(4)(A)(ii); Fluker, 891 F.3d at 547 (endorsing the district court's decision to use the current Guidelines manual on resentencing after granting habeas relief).⁴ Under the current Guidelines and Simmons, as the parties agree, defendant no longer qualifies as a career offender. (See DE 170; DE 172 at 8; DE 173 at 2; DE

---

³ Furthermore, in Davis the district court recalculated the petitioner's Guidelines range in accordance with the version of the Guidelines applicable at the time the district court corrected the sentence. See Davis v. United States, No. 4:16-CV-82, 2016 WL 6471457, at *4-5 (E.D. Va. Oct. 31, 2016) (applying 2015 version of the Guidelines). On appeal, the Fourth Circuit observed that the district court "properly calculated" the Guidelines range. See Davis, 708 F. App'x at 769. The petitioner, however, argued the district court erred by failing to conduct a plenary resentencing and suggested on remand he should be sentenced using the 2016 version of the Guidelines, under which he would not have qualified as a career offender. See id. at 769-70. It was in this context that the Fourth Circuit stated that § 2255 relief cannot place the defendant in a "better" position than he would have been had there been no error. Davis, 708 F. App'x at 770 & n.*. Here, defendant has not yet been resentenced, and the current version of the Guidelines and applicable Fourth Circuit precedent apply at resentencing. See Fluker, 891 F.3d at 547.

⁴ Importantly, with the exception of the career offender issue, the government does not argue that using the current version of the Guidelines would contravene the principle that the goal of the § 2255 remedy is to place defendant in the "same" position he would have been in had there been no error. See Hadden, 475 F.3d at 665.

112 at 2-3). Accordingly, the offense level is 21, the criminal history category is V, and the revised advisory Guidelines range is 130 to 147 months' imprisonment. (DE 170). The revised Guidelines range, however, is only the "starting point and the initial benchmark" for the resentencing proceeding. See, e.g., Gall v. United States, 552 U.S. 38, 49-50 (2007). At resentencing, both parties may present argument or evidence in support of their positions on the § 3553(a) factors, including the government's position that an upward departure or variance is warranted under the "de facto career offender" doctrine.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendant's emergency motion for immediate resentencing, (DE 165). The court grants the motion to the extent defendant requests plenary resentencing, but denies the motion to the extent defendant requests "immediate" resentencing or imposition of sentence of time served without a full hearing. The 2018 version of the Guidelines will apply at the resentencing hearing, and the Guidelines range will be 130 to 147 months' imprisonment. The government's objections to the PSR modification are OVERRULED. The clerk is DIRECTED to set this matter for resentencing at the next available term of court by video or telephonic means, where defendant consents to resentencing in this manner.

SO ORDERED, this the 22nd day of May, 2020.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge